**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-30190 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00204-RMP-1 |
| v. | |
| JAVIER VARGAS CONTRERAS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Submitted August 15, 2023[**]

Before:    TASHIMA, S.R. THOMAS, and FORREST, Circuit Judges.

Javier Vargas Contreras appeals from the district court's judgment and

challenges the 11-month sentence imposed following the revocation of his

supervised release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Contreras contends that the district court procedurally erred by relying on a

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

clearly erroneous finding of fact related to his minor son. This argument is not supported by the record, which reflects that the court expressed reasonable skepticism—based on other evidence in the record—about counsel's representations regarding Contreras's relationship with his son. Contrary to Contreras's argument, the court did not make any findings as to the veracity of a witness's testimony regarding the son's suicidal ideation, nor did it overlook or mischaracterize that witness's testimony.

Contreras also contends that the sentence is substantively unreasonable in light of his mitigating circumstances, including parental obligations, travel difficulties, poverty, and substance abuse issues. The district court did not abuse its discretion by concluding that these circumstances did not warrant a lesser sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence at the high end of the Guidelines, imposed after the district court held Contreras's violations in abeyance on three occasions to permit him to come into compliance with the terms of his supervised release and following his admission to 17 violations, is substantively reasonable under the 18 U.S.C. § 3583(e) factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51; *United States v. Simtob*, 485 F.3d 1058, 1062 (9th Cir. 2007) (purpose of revocation sentence is to sanction the defendant's breach of the court's trust). We do not consider Contreras's policy-based challenge to the Guidelines, which he did not raise in the district

court.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**